(Rev. 12/1/15)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**GAIL CARMAN-GREENAWALT**,

        Plaintiff(s),

v.                                   Case No. **18-2126-JAR-KGG**

**LIFE INSURANCE COMPANY OF
NORTH AMERICA**,

        Defendant(s).

## <u>INITIAL ORDER REGARDING PLANNING AND SCHEDULING</u>

Fed. R. Civ. P. 1 mandates the "just, speedy, and inexpensive" determination of all civil cases.  With this goal in mind, the undersigned U.S. Magistrate Judge, will conduct a scheduling conference in this case in accordance with Fed. R. Civ. P. 16 on **June 21, 2018 at 10:00 a.m.**  The conference will be held conducted by telephone.  <u>**Counsel will call 1-888-363-4749.  Enter access code 5407703 to participate on the conference.**</u>

The parties, in person and/or through counsel, must confer as required by Fed. R. Civ. P. 26(f) by **May 25, 2018**. Generally, discussion at this planning conference must address the nature and basis of the parties' claims and defenses; the possibilities of settling or resolving the case, including the use of mediation or other methods of alternative dispute resolution; making or at least arranging for the disclosures required by Fed. R. Civ. P.

26(a)(1); any issues about preserving discoverable information; and development of a proposed discovery plan.  More specifically, the agenda items that must be addressed during this conference include those set out in Fed. R. Civ. P. 16(c)(2)(A)-(P), Fed. R. Civ. P. 26(f)(3)(A)-(F), and the planning report form that is attached to this order and that is also posted on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

By **June 15, 2018,** plaintiff(s) must submit the completed report of the parties' planning conference to the chambers of the undersigned magistrate judge, along with copies of the parties' Rule 26(a) initial disclosures.  The report must follow the prescribed form and must be submitted electronically in .pdf format as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.  It must not be filed with the Clerk's Office.

If you have questions concerning the requirements of this order, please contact the undersigned judge's courtroom deputy, Angela Whittle, at 316-315-4386, or by e-mail at *ksd_gale_chambers@ksd.uscourts.gov*.

IT IS SO ORDERED.

Dated May 9, 2018, at Wichita, Kansas.

s/ KENNETH G. GALE
U.S. Magistrate Judge

(Rev. 12/1/15)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____,

Plaintiff(s),

v.

Case No. _____

_____,

Defendant(s).

**REPORT OF PARTIES' PLANNING CONFERENCE**

*[Completed form should be spaced as shown.  Use separate paragraphs or subpara-graphs as necessary if the parties[1] disagree.]*

**Introductory Note: Fed. R. Civ. P. 1 provides that all Federal Rules of Civil Procedure should be construed and employed by the court and the parties to secure the "just, speedy, and inexpensive" determination of civil cases.  Careful planning is essential to efficient case management and discovery proceedings.**

**The court strongly encourages the parties to conduct their planning conferences under Fed. R. Civ. P. 26(f) in person instead of by telephone, to improve the quality of discussion.  In any event, it's unacceptable to simply exchange draft planning reports by e-mail.  The court also strongly encourages "first chair" trial counsel to be meaningfully involved in this critical planning process.**

---

[1]As used in this report, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.  The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.  However, when the parties actually complete and submit this report, they should accurately describe their posture in the case.

O:\Initial Order\Initial order shell form (2018).docx

1

**Before** the parties conduct their planning conference and attempt to complete this required planning-report form, instead of just mechanically filling in the blanks, the court expects them to review and be prepared to address all the specific agenda items mentioned in Fed. R. Civ. P. 16(c)(2)(A)-(P) and Fed. R. Civ. P. 26(f)(3)(A)-(F). The parties should think creatively and, to the extent possible, cooperatively, about how to structure this case in a way that leads to the efficient resolution of the factual and legal issues presented.

This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*District of Kansas Pillars of Professionalism*

Discovery of electronically stored information (ESI) is unduly expensive if it's not managed properly. Therefore, counsel must become generally knowledgeable about their clients' information-management systems **before** the planning conference. That is, counsel must be prepared to discuss at the conference how their clients' information is stored and retrieved, and in turn be prepared to discuss and resolve the specific issues raised in the ESI guidelines posted on this court's website:

*District of Kansas Guidelines for ESI*

1.   **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case-management conference was held on (date), and was attended by *[list appearances]*. The conference was conducted [in person at _____ (place)] [by telephone].

2.   **Preliminary Matters.**

   a.   The following persons will appear at the upcoming Rule 16 scheduling conference with the magistrate judge:

   *[Insert names of all parties and counsel who will appear at the scheduling conference and, if the conference is scheduled to occur by video conference or telephone, the telephone numbers where parties and/or counsel may be reached at the designated time.]*

O:\Initial Order\Initial order shell form (2018).docx

2

b.    The parties provide the following information regarding themselves and their counsel:

*[For each attorney, insert: (1) name; (2) business address; (3) home, business, and cellular telephone and facsimile numbers; and (4) e-mail address.  For each party, insert: (1) name; (2) home and business addresses; (3) home and business telephone and facsimile numbers; and (4) e-mail address.]*

c.    The parties jointly submit the following case summary:

*[Insert a brief summary of the case, preferably in a single paragraph and no more than one page, which states: (1) the general nature of the case, e.g., employment discrimination, personal injury, etc.; (2) the statutes asserted to confer subject matter jurisdiction, e.g., 28 U.S.C. § 1332; (3) the plaintiff's legal theories, and (4) the primary defenses pleaded by defendant.]*

**3.    Plan for Alternative Dispute Resolution (ADR).**

a.    The parties already have engaged in the following good-faith efforts to resolve this matter: *[describe efforts].*

b.    Plaintiff will submit a written, good-faith settlement proposal to defendant by (date).  Defendant will make a written, good-faith counter-proposal by (date).  By (date), unless the parties have jointly filed a notice stating whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party will submit a confidential settlement report to the assigned magistrate judge.

**Note: In order to facilitate the ADR process, the court usually will require the parties to complete their exchange of settlement proposals within 30 days after the scheduling conference.  But if more time is necessary due to the complexity of this particular case, <u>specific</u> reasons for the request must be provided so the court can make an informed judgment about whether to delay the parties' exchange of settlement proposals.**

c.    The parties have agreed on the following ADR procedure, which will be accomplished by: *[insert agreed procedure, e.g., mediation, and a deadline, which usually should be within 90-120 days of the scheduling conference].*

4.     **Plan for Pre-Discovery Disclosures.**   The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by (date) *[no later than 14 days after the planning conference]*.   [Optional:  In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures will be [exchanged] [made available for inspection and copying] by (date).]

> **Note: As indicated in the Initial Order Regarding Planning and Scheduling, copies of the parties' initial disclosures under Rule 26(a)(1) must be attached to the parties' completed Rule 26(f) planning report. These disclosures will be discussed with the magistrate judge during the upcoming scheduling conference in finalizing a discovery and case plan that achieves the objectives of Rule 1.**

5.     **Plan for Discovery.**   The parties jointly propose the following discovery plan:

    a.     Discovery is needed on the following specific subjects:  *[list]*.

> **Note: The parties should try to reach early stipulations about those matters that are <u>not</u> in dispute, to ensure that discovery, particularly involving ESI, is conducted only on those matters legitimately in dispute.**

> **Under recent amendments to Fed. R. Civ. P. 26(b)(1), the parties in this case are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of the case.  Under Rule 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.**

    b.     All discovery will be commenced or served in time to be completed by (date).

> **Note: In the court's experience, discovery usually can be completed in 4-6 months.  If more time is necessary due to the complexity of this case, <u>specific</u> reasons for the request must be provided.**

c.     [If applicable]  Discovery on (issue for early discovery) will be completed by (date).

**Note: The parties should consider whether any issues should be bifurcated, or whether a limited amount of highly focused discovery would enable them to participate in early mediation or present substantive issues on dispositive motions and in turn narrow the scope of remaining discovery.**

d.     One or more of the parties anticipate the following problem(s) in discovery, which should be discussed with the court and, if possible, resolved at the scheduling conference:

*[List problem(s), the positions and supporting authority of each party, and what efforts have been made to resolve the problems.]*

e.     Disclosure or discovery of electronically stored information (ESI) will be handled as follows:

*[Provide a brief description of the parties' agreement or separate proposals.]*

**Note: The court requires that the parties directly address the issue of ESI instead of avoiding it.  Therefore, it's unacceptable for the parties to vaguely state in their planning report, for example, "that discovery of ESI will be conducted in accordance with the Fed. R. Civ. P."  The parties must confer and then decide on a reasonably specific protocol for retrieving and producing ESI.  However, the parties may agree, for economic reasons or otherwise in a small case, that no discovery of ESI will be conducted or that any limited ESI that does exist will simply be printed out in hard-copy form.**

f.     With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order as follows:

*[Provide a brief description of the parties' proposal.  Also state whether the parties wish their agreement to be reflected in the court's scheduling order or in a separate proposed protective order that will be submitted to the court.]*

**Note: The parties should be mindful that Fed. R. Civ. P. 26(b)(5)(B), which generally contemplates such things as "quick peek" and "clawback" agreements with regard to attorney-client privileged communications and trial-preparation materials, is <u>not</u> limited to ESI. Also, under Fed. R. Evid. 502, an agreement on the effect of a disclosure in a federal proceeding is binding <u>only</u> on the parties to the agreement <u>unless</u> that agreement also is incorporated into a court order; a federal court's order that a privilege or protection is not waived by disclosure is binding in other federal court <u>and</u> state court proceedings.**

g.    To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the following procedures have been agreed to by parties in this case: _____.

**Note: The parties are strongly encouraged to consider using the so-called *Susman* agreements that are posted on the following website:**

*http://trialbyagreement.com/*

h.    There will be a maximum of _____ interrogatories, including all discrete subparts, served by any party on another party.

i.    There will be a maximum of _____ depositions taken by plaintiff and _____ by defendant.  Each deposition [other than _____] will be limited to ____ hours [the depositions of _____ will be limited to ____ hours].

j.    [The parties have stipulated that no expert testimony will be used in this case.]  [If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, will be served by plaintiff by (date), and by defendant by (date); disclosures and reports by any rebuttal experts will be served by (date).]

k.    The parties [agree] [disagree] that physical or mental examinations pursuant Fed. R. Civ. P. 35 [are] [are not] appropriate in this case.  In any event, all Rule 35 examinations will be completed by (date).

**Note: If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the**

**parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.**

l.    Supplementations of disclosures under Fed. R. Civ. P. 26(e) will be served at such times and under such circumstances as required by that rule.  In addition, such supplemental disclosures will be served ([optional] dates or intervals), and in any event 40 days before the deadline for completion of all discovery.

**Note: Based on the investigation and discovery conducted as of that date, the supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.**

m.    The parties [agree] [disagree] that there [is] [is not] a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by (date).  A jointly proposed protective order must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum by (date).

Jointly proposed protective orders should be drafted in compliance with the guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/POGuidelinesOrder.pdf*

A pre-approved form of protective order can be downloaded from the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties should discuss whether any departures from this pre-approved form order would be appropriate in this case and also be prepared to explain such proposed modifications during the scheduling conference with the magistrate judge.

n.   The parties [do] [do not] consent to electronic service of disclosures and discovery requests and responses.  See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2(e) and 26.3.

## 6.   **Deadlines for Amendments and Potentially Dispositive Motions.**

a.   A motion to dismiss [is] [is not] expected to be filed in this case, based on _____ (state the grounds).  Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, insufficiency of process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties will be filed by (date).

**Note: This deadline usually should be set 2-3 weeks after the scheduling conference.  But to avoid cases getting bogged down with wasteful motion practice, during the planning conference, counsel should notify the opposing counsel or party of any defects in the pleadings that are plainly obvious <u>and</u> that could be easily cured with an amended pleading.**

b.   Any motion for leave to join additional parties or to otherwise amend the pleadings will be filed by (date).

**Note: This deadline usually should be set 6-8 weeks after the scheduling conference.**

c.   Other dispositive motions (e.g., summary judgment) [are] [are not] expected to be filed in this case.  All such motions will be filed by (date).

**Note: This deadline usually should be set approximately 2-4 weeks after the pretrial conference.  The court will attempt to decide all dispositive motions, to the extent they've been timely filed and briefed without any extensions having been requested, approximately 60 days before trial. But if the case is unusually complex, such that it would be more efficient to have a 90-120 day gap between dispositive-motion rulings and trial, the parties should explain why that would be appropriate here.**

d.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, will be filed by (date).

**Note: Generally, most judges in the District of Kansas tend to defer setting the *Daubert*-motion deadline until 30-45 days before trial (unless counsel agree that resolution of the case would be fostered by having such motions filed and decided earlier). If *Daubert* motions potentially would be dispositive of the entire case or even certain claims in the case (e.g., a challenge to a standard-of-care expert in a medical-negligence case), then this deadline should be the same as the dispositive-motion deadline mentioned above. Counsel should be mindful that some judges in this district use a single deadline for dispositive motions and *Daubert* motions in <u>all</u> of their cases.**

7.    **Other Items.**

a.    [The parties agree that principles of comparative fault do <u>not</u> apply to this case.] [By (date), any party asserting comparative fault must identify all persons or entities whose fault is to be compared for purposes of <u>Kan</u>. <u>Stat</u>. <u>Ann</u>. § 60-258a (or any other similar comparative fault statute that might be applicable). If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed.]

**Note: This deadline, if applicable, usually should be set approximately 2 weeks before the deadline for filings motions to amend the pleadings.**

b.    The parties [request] [do not request] a status conference before the pretrial conference, in order to discuss the following subjects: *[list]*. [The parties request a status conference in (month and year).]

c.    The parties request that the court hold a pretrial conference in (month and year).

**Note: The court generally schedules a pretrial conference approximately 2-3 weeks after the close of discovery and approximately 2-4 weeks before the dispositive-motion deadline. If the case remains at issue after all timely filed dispositive motions have been filed and decided (or if the parties announce that no dispositive motions will be filed), then the trial**

**judge usually will conduct another pretrial conference within 30 days of trial.**

d.      Trial is expected to take approximately ___ trial days.

e.      The parties [are] [are not] prepared to consent to trial by a U.S. Magistrate Judge [at this time,] [or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date].

**Note: Magistrate judges may preside over jury trials.  Withholding consent will <u>not</u> have any adverse substantive consequences, but may delay the trial of the case.**

Date:  __[Insert Date]_____

[Here, add signatures of each unrepresented party and an attorney for each represented party.  These signatures must be affixed according to the procedures governing multiple signatures set forth in paragraph II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.  The report must be submitted electronically in .pdf format as an attachment to an e-mail sent to the e-mail address of the assigned magistrate judge listed in paragraph II(E)(2)(c) of the administrative procedures guide.]